UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONNA RAE THEOE,<br><br>                    Plaintiff,<br><br>        v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                    Defendant. | Case No. 3:14-cv-05937-KLS<br><br>ORDER REVERSING AND<br>REMANDING DEFENDANT'S<br>DECISION TO DENY BENEFITS |

Plaintiff has brought this matter for judicial review of defendant's denial of plaintiff's application for disability insurance and supplemental security income ("SSI") benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing the parties' briefs and the file herein, the Court finds that, for the reasons set forth below, the defendant's decision to deny benefits should be reversed and this case should be remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

On May 9, 2011, plaintiff filed an application for SSI benefits, alleging disability as of June 30, 2010. *See* Dkt. 10; Administrative Record ("AR") 165-67. Plaintiff's application was denied upon initial administrative review on August 25, 2011 (*see* AR 94-96), and on

ORDER - 1

reconsideration on February 23, 2012 (*see* AR 98-99). A hearing was held before an administrative law judge ("ALJ") on April 18, 2013, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. *See* AR 13.

In a decision dated May 8, 2013, the ALJ determined plaintiff to be not disabled. *See* AR 13-33. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on September 30, 2014, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). *See* AR 1-5; 20 C.F.R. § 404.981, § 416.1481. On November 28, 2014, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. *See* Dkt. 1. The administrative record was filed with the Court on February 6, 2015. *See* Dkt. 10. The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for further administrative proceedings because the ALJ erred: (1) in evaluating the medical evidence in the record by rejecting Stephen Settle's, M.D. and Frederick W. Silver's, Ph.D. medical opinions; (2) in discounting plaintiff's credibility; (3) in assessing plaintiff's residual functional capacity; and (4) in finding plaintiff to be capable of performing other jobs existing in significant numbers in the national economy. For the reasons set forth below, the undersigned agrees the ALJ erred in evaluating the medical evidence in the record by rejecting Dr. Silver's medical opinion – and thus both in assessing plaintiff's residual functional capacity and in finding her to be capable of performing other jobs existing in significant numbers in the national economy – and therefore in determining plaintiff to be not disabled.

## DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by

ORDER - 2

the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Commissioner of Social Security Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

ORDER - 3

I.      The ALJ's Evaluation of the Medical Evidence in the Record

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Commissioner of the Social Security Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation

ORDER - 4

omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson v. Commissioner of Social Security Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

On November 29, 2012, plaintiff attended a pain program evaluation with Dr. Silver. *See* AR 831-34. Dr. Silver opined, in pertinent part, that "plaintiff presents with a complex synergy of depressed mood, trauma-related vulnerability, and a pain and somatic focus, leading to marked disability and difficulty coping with and tolerating pain." *Id*. Plaintiff argues the ALJ erred in failing to mention this opinion and to provide any reasons therefor. *See* Dkt. 12. Such a failure, plaintiff argues, frustrates any meaningful review. *See id*.

In response, defendant argues that an ALJ must explain only why significant probative evidence is rejected and that Dr. Silver's opinion was not such evidence for two reasons. Specifically, defendant maintains Dr. Silver's opinion concerning marked disability constitutes a dispositive administrative finding, and therefore is reserved to the Commissioner. Defendant also

ORDER - 5

asserts Dr. Silver's opinion does not amount to significant probative evidence, because it contains no concrete functional limitations. Defendant goes on to argue that even if the ALJ did err here, any such error is harmless, because the ALJ gave significant weight to the opinion of examining psychiatrist, Pamela Moslin-Lykins, M.D., that plaintiff was capable of simple and complex work.

The Ninth Circuit has held that physicians may render opinions on the ultimate issue of disability. *Reddick*, 157 F.3d at 725. Although an ALJ is not bound by uncontroverted opinions of a claimant's physicians on the ultimate issue of disability, the ALJ cannot reject them without presenting clear and convincing reasons for doing so. *Id* (citing *Matthews v. Shalala,* 10 F.3d 678, 680 (9th Cir.1993) (*quoting Montijo v. Secretary of Health & Human Servs.,* 729 F.2d 599, 601 (9th Cir.1984)); s*ee also Lester,* 81 F.3d at 830.

Here, the ALJ failed to satisfy the requirement that he provide clear and convincing reasons for rejecting Dr. Silver's opinion that plaintiff was markedly disabled. Indeed, the ALJ provided no reasons for rejecting it. In addition, as noted above, Dr. Silver opined that plaintiff had "difficulty coping with and tolerating pain" (AR 833), which constitutes significant probative evidence, because the ability to cope with and tolerate pain can have a substantial vocational impact, and therefore indicates plaintiff may be limited beyond the level found by the ALJ. Accordingly, the ALJ erred in failing to provide any reasons for rejecting Dr. Silver's opinion.

II.     The ALJ's Assessment of Plaintiff's Residual Functional Capacity

Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that

ORDER - 6

step, and the sequential evaluation process ends. *See id.* If a disability determination "cannot be made on the basis of medical factors alone at step three of that process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 *2. A claimant's residual functional capacity ("RFC") assessment is used at step four to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. *See id.*

RFC thus is what the claimant "can still do despite his or her limitations." *Id.* It is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. *See id.* However, an inability to work must result from the claimant's "physical or mental impairment(s)." *Id.* Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." *Id.* In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." *Id.* at *7.

The ALJ found plaintiff had the RFC:

> **. . . to perform light work as defined in 20 CFR 404.1567(b) subject to the following limitations. She can occasionally climb ladders, ropes, and scaffolds. She can frequently climb ramps and stairs. She can frequently balance, stoop, kneel, crouch, and crawl. She can have occasional superficial interaction with co-workers. She cannot have contact with the public.**

AR 17 (emphasis in original). Plaintiff argues, and the undersigned agrees, that in light of the ALJ's error in evaluating Dr. Silver's opinion, it cannot be said that the RFC assessment includes all of plaintiff's limitations and, therefore, that it is supported by substantial evidence.

ORDER - 7

III.     The ALJ's Findings at Step Five

If a claimant cannot perform his or her past relevant work, at step five of the disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. *See Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 404.1520(d), (e), § 416.920(d), (e). The ALJ can do this through the testimony of a vocational expert or by reference to defendant's Medical-Vocational Guidelines (the "Grids"). *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000); *Tackett*, 180 F.3d at 1100-1101.

An ALJ's findings will be upheld if the weight of the medical evidence supports the hypothetical posed by the ALJ. *See Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. *See Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the claimant's disability "must be accurate, detailed, and supported by the medical record." *Id.* (citations omitted). The ALJ, however, may omit from that description those limitations he or she finds do not exist. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

Here at step five, the ALJ found plaintiff to be capable of performing other jobs existing in significant numbers in the national economy, based on the testimony of the vocational expert offered in response to a hypothetical question containing substantially the same limitations as were included in the ALJ's RFC assessment. *See* AR 27-28. Plaintiff argues the ALJ erred in so finding, because the vocational expert's testimony is based on an erroneous RFC assessment, which, in turn, is based on an improper evaluation of the medical evidence in the record. The Court agrees. As discussed above, plaintiff's RFC assessment is not supported by substantial evidence. As a result, the vocational expert could not have properly relied on that assessment in

ORDER - 8

answering the ALJ's hypothetical question, and therefore it was improper for the ALJ to rely on the vocational expert's testimony to find plaintiff to be capable of performing other jobs existing in significant numbers in the national economy.

VI.  This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because issues still remain in regard to the medical evidence in the record, and thus in regard to plaintiff's RFC assessment and her ability to perform other jobs existing in significant numbers in the national economy, remand for further consideration of those issues is warranted.

## CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ improperly concluded

ORDER - 9

plaintiff was not disabled. Accordingly, defendant's decision to deny benefits is REVERSED and this matter is REMANDED for further administrative proceedings in accordance with the findings contained herein.

DATED this 21st day of May, 2015.

Karen L. Strombom
United States Magistrate Judge

ORDER - 10